[S. F. No. 6575. In Bank—June 3, 1913.]

## RICHMOND SCHOOL DISTRICT OF CONTRA COSTA COUNTY (a Public Corporation), Petitioner, v. BOARD OF SUPERVISORS OF THE COUNTY OF CONTRA COSTA et al., Respondents.

SCHOOLS—ANNEXATION OF PART OF OUTLYING SCHOOL DISTRICT TO INCORPORATED CITY—REPEAL OF LAW PROVIDING FOR SCHOOL CENSUS—PETITION BY MAJORITY OF HEADS OF FAMILIES.—The repeal in 1911 of the law providing for a school census did not destroy the effect of section 1576 of the Political Code, which authorized the annexation to an incorporated city for school purposes of a part of a school district lying outside of such city, or outside of an annexation to said city of a part of said school district, whenever a majority of the heads of families residing in such outside portion, "as shown by the last preceding school census" petitioned for such annexation. The effect of such repeal was to render inoperative the clause "as shown by the last preceding school census," and in subsequent annexation proceedings it is only necessary to show that the petition is signed by a majority of the heads of families at the time residing in the portion to be annexed.

This was a proceeding for a Writ of Review, instituted in the District Court of Appeal for the First Appellate District, for the purpose of annulling an order of the board of supervisors of Contra Costa County, annexing to the city of Richmond, for school purposes, a portion of the Stege School District adjoining that city. The proceeding for the annexation of the portion of the Stege School District was commenced on July 1, 1912, by a petition for annexation presented to the board of supervisors of that county, signed by twenty-eight heads of families residing in the portion of the school district that it was sought to annex. The board of supervisors, after taking evidence on the subject, found that

the petition was signed by a majority of the heads of families residing in such portion of the school district, and thereupon made the order of annexation. The board did not find nor determine that the persons signing the petition constituted a majority of the heads of families residing in the portion of the school district seeking annexation, "as shown by the last preceding school census." The District Court of Appeal denied the application for the writ, on April 4, 1913, without rendering an opinion. After the decision in that court, a petition was made to the Supreme Court for a hearing therein. In denying such petition the Supreme Court rendered the following opinion, in which the further facts are stated:

H. L. Breed, for Petitioner.

A. B. McKenzie, for Respondents.

THE COURT.—Petition for a hearing in this court after decision in the district court of appeal is denied.

Under section 1576 of the Political Code, proceedings may be had to annex to an incorporated city for school purposes a part of a school district lying outside of such city, or outside of an annexation to said city of a part of said school district, whenever a majority of the heads of families residing in such outside portion, "as shown by the last preceding, school census," shall petition for such annexation. At the time this section was enacted the law provided for a school census. The legislature of 1911 repealed the provisions for a school census. Consequently the clause "as shown by the last preceding school census" in section 1576, was thenceforth inoperative. This did not destroy the effect of the section as giving power to annex such portions of a school district. Its effect is that in annexation proceedings taken since the repeal of the school census law it is only necessary to show that the petition is signed by a majority of the heads of families at the time residing in the portion to be annexed.